FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 12, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTINA MARIE BROWN, | No. 2:17-CV-00081-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY |
| vs. | JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| COMMISSIONER OF SOCIAL | |
| SECURITY, | ECF Nos. 15, 19 |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 19.[1]  The parties consented to proceed before a magistrate judge. ECF No. 6.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court

---

[1] Defendant filed a praecipe to the motion for summary judgment to correct a formatting error.  ECF No. 21.

ORDER - 1

grants Plaintiff's motion (ECF Nos. 15) and denies Defendant's motion (ECF Nos. 19, 21-1).

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one

ORDER - 2

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

1    The Commissioner has established a five-step sequential analysis to

2    determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

3    404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v).  At step one, the Commissioner

4    considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i);

5    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

6    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

7    404.1520(b); 416.920(b).

8        If the claimant is not engaged in substantial gainful activity, the analysis

9    proceeds to step two.  At this step, the Commissioner considers the severity of the

10   claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

11   claimant suffers from "any impairment or combination of impairments which

12   significantly limits [his or her] physical or mental ability to do basic work

13   activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

14   416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

15   however, the Commissioner must find that the claimant is not disabled.  20 C.F.R.

16   §§ 404.1520(c); 416.920(c).

17       At step three, the Commissioner compares the claimant's impairment to

18   severe impairments recognized by the Commissioner to be so severe as to preclude

19   a person from engaging in substantial gainful activity.  20 C.F.R. §§

20   404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

Plaintiff applied for disability insurance and supplemental security income benefits on October 1, 2012, alleging a disability onset date of April 30, 2007.  Tr. 210-22.  The applications were denied initially, Tr. 141-47, and upon reconsideration.  Tr. 149-60.  Plaintiff appeared for a hearing before an

administrative law judge (ALJ) on May 14, 2015. Tr. 29-66. On August 13, 2015, the ALJ denied Plaintiff's claim. Tr. 11-28.

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 30, 2007, the alleged onset date. Tr. 16. At step two, the ALJ found Plaintiff has the following severe impairments: fibromyalgia, carpal tunnel syndrome, spine disorder and anxiety disorder. Tr. 16. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 17. The ALJ then concluded that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently, sit for six hours of an eight hour work day; stand and walk for six hours of an eight hour work day. [Plaintiff] can occasionally, up to 33% of the workday, use her hands bilaterally for fingering and handling gross and fine manipulation. She can occasionally climb ramps, stairs, but never climb ladders and scaffolds. She can occasionally stoop, kneel, crouch and crawl. [Plaintiff] can understand, remember, and carryout simple instructions. She is limited to simple, routine and repetitive tasks.

Tr. 18. At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 21. At step five, the ALJ found that considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there are other jobs that existed in significant numbers in the national economy that Plaintiff could perform such as counter clerk and usher. Tr. 22. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security

ORDER - 7

Act, from April 30, 2007, the alleged onset date, through the date of the decision. Tr. 22.

On December 30, 2016, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability income benefits under Title II and supplement security income benefits under Title XVI of the Social Security Act. ECF No. 15. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed Plaintiff's symptom claims; and

2. Whether the ALJ properly weighed the medical opinion evidence.

ECF No. 15 at 9-10.

## DISCUSSION

**A.    Plaintiff's Symptom Complaints**

Plaintiff contends the ALJ erred by improperly discrediting her symptom complaints. ECF No. 15 at 10-11. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to

produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; but that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not entirely credible." Tr. 19.

*1. Daily Activities*

The ALJ found that "the status of [Plaintiff's] impairments justly impose certain limitations on [Plaintiff's] ability to perform work activities, but not to the extreme asserted [Plaintiff]." Tr. 21. A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) the claimant "is able to spend a substantial part of [her] day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to

conclude that a claimant's daily activities warrant an adverse credibility determination." *Orn*, 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

In support of the finding, the ALJ noted that Plaintiff "performs chores around the house" and "she and her children cook on the weekend." Tr. 21. The ALJ did not identify how Plaintiff's activities contradicted her testimony regarding her alleged symptoms and did not make any specific findings that these activities are transferable to a work setting. Tr. 21. Therefore, the ALJ's reliance on Plaintiff's activities in rejecting her reported severity of symptoms fails to meet the specific, clear and convincing standard. *See Garrison*, 759 F.3d at 1016 (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Recognizing that 'disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations,' we have held that '[o]nly if [his] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [his] credibility.'")).

*2. Failure to Follow Treatment Recommendations*

Next, the ALJ discredited Plaintiff's symptom testimony because Plaintiff "though described as cooperative in therapy sessions, does not appear as committed when her missed appointed are considered." Tr. 21. It is well-

established that unexplained or inadequately explained non-compliance with treatment reflects on a claimant's credibility. *See Molina*, 674 F.3d at 1113-14; *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *see also Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (an ALJ may consider a claimant's unexplained or inadequately explained failure to follow a prescribed course of treatment when assessing a claimant's credibility). The ALJ noted that Plaintiff "missed several of her scheduled appointments" at Frontier Behavioral Health and "began to skip her scheduled appointments" at Catholic Charities Counseling. Tr. 20-21. In support of the finding, the ALJ provided no citation to the record. The ALJ failed to indicate how many appointments were missed or under what circumstances. From the Court's independent review, it appears that as though Plaintiff missed two sessions at Frontier Behavioral Health, Tr. 555-575, 585-91, and missed four out of 20 sessions at Catholic Charities Counseling, Tr. 640-83.[2]

_____

[2] In the Court's independent review of the Frontier Behavioral Health records, Tr. 555-75, 585-91, Plaintiff failed to attend two appointments. Tr. 585. One session appears to have been cancelled by the treatment provider due to the treatment provider being required to appear in court. Tr. 574.

In the Court's independent review of the Catholic Charities Counseling records, it appears as though Plaintiff was scheduled for weekly appointments from late-

The treatment provider consistently noted that Plaintiff was "active and engaged" in her sessions. Tr. 661, 663, 667, 668, 671, 672, 674, 675, 678, 679, 680, 683. There is no indication in the treatment provider's records that Plaintiff failed to follow the recommended course of treatment. Moreover, the ALJ failed to articulate a specific treatment recommendation that was not followed by Plaintiff. Thus, this was not a clear and convincing reason to discredit Plaintiff's symptom complaints. Additionally, although failure to attend mental health treatment appointments may in some cases bear on the credibility of Plaintiff's mental health symptom complaints, such failure does not address the credibility of Plaintiff's symptom complaints related to her physical impairments. As such, this is not a clear and convincing reason to discredit Plaintiff's symptom complaints regarding her physical impairments.

### 3. Lack of Objective Medical Evidence

Although not entirely clear, it appears as though the ALJ concluded that the medical evidence does not support greater limitations than those set forth in the

_____

October 2014 to mid-March 2015, totally approximately 20 appointments. Tr. 640-683. It appears as though Plaintiff missed two appointments due to medical issues, which appointments were rescheduled, Tr. 673-74, 676-77, and failed to attend treatment sessions on four occasions, Tr. 664, 669, 670, 681.

RFC.  Tr. 19-21.  An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair*, 885 F.2d at 601.  However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2).  Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor.  *See Burch*, 400 F.3d at 680.

In the decision, the ALJ set forth Plaintiff's testimony and medical evidence from the record demonstrating a lack of support for the severity of symptoms Plaintiff alleged.  Tr. 18-21.  However, because the ALJ's other reasons failed to meet the specific, clear and convincing standard, *see supra*, this reason alone is insufficient to support her determination.

In conclusion, the ALJ failed to properly support the determination that Plaintiff's symptoms complaints were less than fully credible.  Therefore, this case is remanded for the ALJ to hold additional proceedings and properly address Plaintiff's symptom statements.

**B.      Medical Opinion Evidence**

Plaintiff contends the ALJ improperly weighed the medical opinions of Jeanette Higgins, Psy.D.; Mahlon Dalley, Ph.D.; and Judy Panek, M.D.  ECF No. 15 at 11-16.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228

(9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-

31).

### 1. *Dr. Higgins*

Dr. Higgins conducted a psychological evaluation of Plaintiff on January 18,

2013. Tr. 539-42. Dr. Higgins diagnosed Plaintiff with major depressive disorder,

recurrent, moderate; anxiety disorder nos; and pain disorder related to

psychological factors and a general medical condition. Tr. 541. Dr. Higgin opined

that Plaintiff's abilities to understand, remember, and carry out complex

instructions and to make complex work-related decisions were moderately limited.

Tr. 541-42. Dr. Higgins further opined that Plaintiff likely had the ability to

interact appropriately with the public under low-pressure conditions and she had

the ability to appropriately interact with a supervisor and coworkers who are

supportive and tolerant. Tr. 542. Although the ALJ credited many of Dr. Higgins

medical opinions, the ALJ gave "less weight" to the opinion that Plaintiff requires

low-pressure work conditions and supportive/tolerant supervisors and coworkers.

Tr. 20.

ORDER - 16

The ALJ articulated one reason for rejecting the more extreme limitations: that Dr. Higgins found that Plaintiff was a questionable historian. Tr. 20. A physician's opinion may be rejected if it based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Morgan v. Comm'r of Soc. Sec Admin.*, 169 F.3d 595, 602 (9th Cir. 1999); *Fair*, 885 F.2d at 604. "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, [this] is no evidentiary basis for rejecting the opinion." *Ghanim*, 763 F.3d at 1162. As discussed *supra*, the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's symptom complaints. In addition, the ALJ did not conclude that Dr. Higgins relied more heavily on Plaintiff's subjective reports than the evaluation she conducted. Dr. Higgins' finding that Plaintiff was a questionable historian, without explanation as to how such a finding impacted the opined functional limitation at issue, is not a specific and legitimate reason to discredit Dr. Higgins' opinion.

1    Because the case is being remanded to readdress the Plaintiff's symptom

2    claims, the ALJ will also readdress the medical source opinions on remand,

3    including that of Dr. Higgins.

4        *2. Dr. Dalley*

5        Dr. Dalley conducted a psychological/psychiatric evaluation of Plaintiff on

6    August 8, 2013, Tr. 579-84, and diagnosed Plaintiff with major depressive

7    disorder, recurrent, severe without psychotic processes; post-traumatic stress

8    disorder, chronic; generalized anxiety disorder; and panic disorder without

9    agoraphobia, Tr. 581.  Dr. Dalley opined that Plaintiff has severe limitations on her

10   abilities to perform activities within a schedule, maintain regular attendance, and

11   be punctual within customary tolerances without special supervision; to adapt to

12   changes in a routine work setting; complete a normal work day and work week

13   without interruptions from psychologically based symptoms; and maintain

14   appropriate behavior in a work setting.  Tr. 581-82.  The ALJ gave Dr. Dalley's

15   opinions little weight.  Tr. 20.

16       The ALJ discounted Dr. Dalley's opinions, concluding they "are not

17   consistent with the consensus of other medical opinions that find the claimant is

18   capable of performing significant work-related activities."  Tr. 20.  The

19   consistency of a medical opinion with the record as a whole is a relevant factor in

20   evaluating that medical opinion.  *Orn*, 495 F.3d at 631.

ORDER - 18

Here, the ALJ's general conclusion failed to provide any specific details or citations to support the finding. In the Ninth Circuit, it is incumbent upon the ALJ to more thoroughly evaluate the opinion:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (internal footnote omitted). The ALJ's conclusory statement is insufficient because it provides no details to assess the basis for the ALJ arriving at this conclusion.[3] *Id*.; *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (the ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

---

[3] The ALJ offered the same reason to discredit Dr. Dalley's assessed GAF score. Tr. 20. The Court finds this analysis similarly insufficient.

Because the case is being remanded to readdress the Plaintiff's symptom claims, the ALJ will also readdress the medical source opinions on remand, including that of Dr. Dalley.

*3. Dr. Panek*

Dr. Panek testified as a medical expert after reviewing Plaintiff's medical record. Tr. 42-49. Dr. Panek opined that Plaintiff suffers from degenerative disc disease, minimal carpal tunnel syndrome on the right side, and mild sensory peripheral neuropathy. Tr. 42-49; *see also* Tr. 19. The ALJ gave "great weight" to Dr. Panek's testimony and concluded that Plaintiff's "subject complaints of back pain, reduction of the ability to use her hands and numbness is supported by the medical record." Tr. 19.

Plaintiff contends the determination that Plaintiff suffers from back pain and reduction of the ability to use her hands is not reflected in the RFC or the hypothetical posed to the vocational expert. ECF No. 15 at 15. To the contrary, the ALJ restricted Plaintiff to light exertional level work and assessed significant manipulation limitations. Tr. 18. Specifically, the ALJ concluded that "the light exertional level is consistent with [Plaintiff's] subjective complaints of back pain and the evidence of degenerative disc disease. In addition, the restrictive limitations for fingering and gross manipulation are appropriate based upon the nerve conduction study and positive Tinel's and Phalen's tests." Tr. 19-20.

Plaintiff has utterly failed to identify any functional limitations assessed by Dr. Panek that were not incorporated into the RFC.

**C.    Remedy**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister*, 888 F.2d at 603. To reverse and award of benefits, the Court must find that the record has been fully developed and further administrative proceedings would not be useful. *Garrison*, 759 F.3d at 1019-20; *Varney v. Sec. of Health and Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly address Plaintiff's symptom claims and the medical source opinions. The ALJ is instructed to supplement the record with any outstanding evidence and take testimony from a medical and a vocational expert at a remand hearing.

**CONCLUSION**

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (ECF No. 15) is **GRANTED** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this order.

2. Defendant's motion for summary judgment (ECF No. 19) is **DENIED.**

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE PLAINTIFF,** provide copies to counsel, and **CLOSE THE FILE.**

DATED March 12, 2018.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 22